IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3051-FL

| | |
|---|---|
| LANCE ADAM GOLDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DOUG BRANNON; CHRISTEN ) | |
| DEGABRIELLE SIMMONS; BRIAN ) | |
| STRICKLAND; AND DWAYNE ) | |
| DRUMMOND, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss (DE # 21) pursuant to Federal Rule of Civil Procedure 12(b)(6) and the motion for a protective order (DE # 22) pursuant to Federal Rule of Civil Procedure 26(c) filed by defendants Dwayne Drummond ("Drummond") and Brian Strickland ("Strickland"). Plaintiff responded to defendants' motion to dismiss, but not their motion for a protective order. Also before the court are plaintiff's motions to amend (DE #s 15, 16) and motion to appoint counsel (DE # 30). Defendants did not respond to plaintiff's motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court denies as moot defendants' motion to dismiss and motion for a protective order. The court also grants plaintiff's motions to amend, but denies his motion to appoint counsel.

**STATEMENT OF THE CASE**

On March 11, 2011, plaintiff, a pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights in the course of his arrest. Plaintiff

then filed two motions to amend his complaint.

On March 12, 2012, Strickland and Drummond filed a motion for a protective order, and a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, Strickland and Drummond assert the affirmative defense of qualified immunity. The matter was fully briefed. Plaintiff subsequently filed a motion to appoint counsel.

**DISCUSSION**

A.  Motion to Amend

Plaintiff submitted two amended pleadings on February 17, 2012. A party may amend his pleading once as a matter of right, prior to the filing of a responsive pleading. Otherwise, a party may amend the party's pleading only by leave of court and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a). No responsive pleading had been filed at the time plaintiff filed his first motion to amend. Therefore, plaintiff's first motion to amend is GRANTED as a matter of course. As for plaintiff's second motion to amend, the court finds that justice requires plaintiff be allowed to amend his complaint, and his second motion to amend also is GRANTED.

B.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th

Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

C.      Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

In this case, defendants' motion to dismiss was filed prior to the date the court allowed plaintiff's second amended complaint, and does not address the allegations in plaintiff's amended

3

pleadings. Additionally, defendants' motion does not adequately address the facts of this case including whether plaintiff was convicted of the charges for which he was arrested. Based upon the foregoing, defendants' motion to dismiss is DENIED as moot.

D.  Motion for a Protective Order

Defendants motion for a protective order, filed pursuant to Rule 26(c), seeks a stay of discovery until after the court rules upon their pending motion to dismiss. Because the court has ruled upon defendants' motion to dismiss, their motion for a protective order is DENIED as moot.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 21) and motion for a protective order (DE # 22) are DENIED as moot. Plaintiff's motions to amend (DE #s 15, 16) are GRANTED, but his motion to appoint counsel (DE # 30) is DENIED. Finally, All discovery shall be commenced or served in time to be completed by November 13, 2012. All motions, including dispositive ones, shall be filed by December 13, 2012.

SO ORDERED, this the 27th day of August, 2012.

                                  LOUISE W. FLANAGAN
                                  United States District Judge