IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3051-FL

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUG BRANNON, CHRISTEN | ) | |
| DEGABRIELLE SIMMONS, BRIAN | ) | |
| STRICKLAND, DWAYNE | ) | |
| DRUMMOND, STERLING WEBSTER, | ) | |
| AMANDA MULLENS, JACKIE | ) | |
| MANKO, AND JEREMY MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motion to stay (DE 50), motions to supplement/amend the complaint (DEs 60, 65), and motion for reconsideration (DE 66). Also before the court is the motion for a protective order (DE 52) filed by defendants Jackie Manko ("Manko"), Jeremy Miller ("Miller"), Amanda Mullens ("Mullens"), and Sterling Webster ("Webster") (collectively "the Hotel defendants"). Finally, before the court are the motion for judgment on the pleadings (DE 42) pursuant to Federal Rule of Civil Procedure 12(c) filed by defendants Officer Dwayne Drummond ("Drummond") and Detective Brian Strickland ("Strickland") and the motion to dismiss (DE 37) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the hotel defendants. The court now addresses these issues in turn.

# BACKGROUND

On March 11, 2011, plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983 against

defendants Strickland and Drummond, as well as Magistrate Doug Brannon ("Brannon") and

Assistant District Attorney Christen DeGabrielle Simmons ("Simmons"). Plaintiff alleged that his

arrest by Strickland and Drummond for financial transaction card fraud and identity theft at the

Hilton Garden Inn located in Kitty Hawk, North Carolina in September 2009, was not supported

by probable cause. Compl. p. 11. Plaintiff also alleged that Simmons and Strickland presented false

and misleading evidence to the grand jury, which led to his wrongful indictment. Finally, plaintiff

challenged the validity of the search of his vehicle subsequent to his arrest. Following its frivolity

review, the court dismissed plaintiff's action against Simmons and Brannon.

The court subsequently granted plaintiff leave to amend his complaint to include claims

against the hotel defendants pursuant to 12 U.S.C. § 3402, 15 U.S.C. § 1681(G)(e)(2), and 15 U.S.C.

§ 1643(a)(1)(F). Plaintiff also alleged negligence and breach of contract claims against these

defendants. As relief, plaintiff requested a declaration that his allegations violate his constitutional

rights, a preliminary and permanent injunction against Strickland and Drummond ordering that they

cease violating his constitutional rights, and compensatory damages.

A.      Motions to Amend

Plaintiff filed two motions to amend his complaint. Pursuant to Federal Rule of Civil

Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one

(21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days

after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier." Fed. R. Civ. P. 15(a). Plaintiff previously has filed an amended

complaint. Accordingly, plaintiff must have leave of court to amend his complaint. Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

With plaintiff's first motion to amend, he seeks to presents what amounts to a supplemental brief in opposition to the motion for judgment on the pleadings filed by Strickland and Drummond. Federal Rule of Civil Procedure 7(a) defines a pleading as a complaint, an answer, and various procedural variations of those documents. Briefing memoranda do not fall within this definition. See Doodson Ins. Brokerage of TX, LLC v. Indemnity Ins. Corp., RRG, No. WDQ-12-1606, 2013 WL 709644, at *6 (D. Md. Feb. 25, 2013). Based upon the foregoing, the court declines to consider the extraneous evidentiary materials plaintiff seeks to include through his alleged amended pleading. See also McCray v. Maryland Dept. of Transp., No. ELH-11-3732, 2013 WL 210186, at *4 (D. Md. Jan. 16, 2013) (stating that pursuant to Federal Rule of Civil Procedure 12(d), a district court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.") (citing 5C Wright & Miller, Fed. Prac. & Pro. § 1366, at 159 (3d ed. 2004, 2011 Supp.)).

As for plaintiff's second motion for leave to amend his complaint, plaintiff seeks leave to supplement his existing allegations. The court ALLOWS plaintiff's second motion to amend his complaint.

B.    Motion to Stay

Plaintiff requests that this case be temporarily stayed pending the outcome of his pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in accordance with the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  However, the Court in Heck further determined that, "[i]n general, exhaustion of state remedies 'is not a prerequisite to an action under § 1983.'"  Heck, 512 U.S. at 480 (quoting Patsy v. Bd. of Regents, 457 U.S. 496, 501 (1982)). Accordingly, the court DENIES plaintiff's motion to stay.

C.    Motion for a Protective Order

The hotel defendants move the court for an order protecting them from plaintiff's outstanding discovery requests and staying any further discovery in this action pending the court's decision on their pending motion to dismiss.  A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988) (citation omitted); Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94, 2008 WL 516744, at *2 (M.D.N.C. Feb. 25, 2008).  The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd,

4

85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004); see, e.g., Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending resolution of a Rule 12(b)(1) motion), overruled on other grounds by, Sheridan v. United States, 487 U.S. 392 (1988).

Where good cause has been shown why discovery should be stayed pending decision on the motion to dismiss, in the court's discretion, the motion to stay and for a protective order is ALLOWED. After decision on the pending motion to dismiss, should the case remain, the court will lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of any dispositive motions.

D.     Motion for Reconsideration

Plaintiff moves the court to reconsider its dismissal of his malicious prosecution claim against Simmons. Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

5

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Here, plaintiff alleges that Simmons "knowingly present[ed] false and misleading testimony of Strickland (State's only Grand Jury Witness) in order to obtain indictments against [him]." Pl.'s Mot. to Reconsider p. 5. As stated in the court's previous order, prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Blackston v. Vogrin, 404 F. App'x 718, *1 (4th Cir. Dec. 6, 2010) ("A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions as an advocate for the state.") This immunity applies even when a prosecutor is alleged to have withheld exculpatory evidence or conspired to present false testimony at trial. See Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994). Accordingly, the court finds its original dismissal of Simmons appropriate, and DENIES plaintiff's motion for reconsideration.

In summary, based upon the foregoing, the court rules as follows:

(1)     Plaintiff's motion to stay (DE 50) is DENIED.

(2)     The hotel defendants' motion for a protective order (DE 52) is GRANTED.

(3)     Plaintiff's first motion to supplement/amend (DE 60) is DENIED, but his second

        motion (DE 65) is GRANTED.

(4)     Plaintiff's motion for reconsideration (DE 66) is DENIED.

(5)     The pending motion to dismiss and motion for judgment on the pleadings (DE 37,

        42) will be addressed in a subsequent order.

SO ORDERED, this the 16th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge